Daniel P. Collins (State Bar Id. No. 009055)
Alysse M. Medina (State Bar Id. No. 027278)
**COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 North Central Avenue, 22nd Floor
Phoenix, Arizona 85004-0608
Telephone (602) 252-1900
Facsimile (602) 252-1114
Email: dcollins@cmpbglaw.com

Attorneys for the Debtors/Debtors in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TEXAS HILL ENTERPRISES, GP, an Arizona general partnership,<br><br>Debtor. | Chapter 11<br><br>Case No. 0:10-bk-11121-JMM<br>Case No. 0:10-bk-11126-JMM<br><br>(Motion for Joint Administration Pending) |
| In re:<br><br>TEXAS HILL DIAMANTE COOLING, L.L.C an Arizona limited liability company<br><br>Debtor. | **DEBTORS' MOTION TO OBTAIN CREDIT PURSUANT TO 11 U.S.C. § 364** |

Pursuant to 11 U.S.C. § 364, the debtors-in-possession, Texas Hill Enterprises, GP ("THE") and Texas Hill Diamante Cooling, L.L.C., ("THDC") (collectively the "Debtors"), submit their motion to obtain post-petition super-priority secured credit in the amount of $200,000.00 from Kristi L. Ricard ("Ms Ricard") and unsecured credit of $150,000 from Forest A. Braden ("Mr. Braden") ("Motion"). The post-petition financing agreements are currently being drafted and shall be filed shortly hereafter. This Motion is supported by the accompanying Memorandum of Points and Authorities and the entire record before the Court, which are incorporated herein by this reference.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Background.

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in the Motion is 11 U.S.C. § 364.

2. On April 15, 2010, the Debtors each filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code ("Petition Date"). The Debtors are debtors-in-possession, pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or official committee has been appointed in this case.

## B. Property of the Debtors.

3. The Debtors collectively own and operate the Texas Hill Farm ("Farm") spanning 5,200 acres in Yuma County, Arizona. Approximately 3,999 acres of the 5,200 acres of the Farm are leased by the Debtors from other entities.

4. The Farm grows various crops including but not limited to alfalfa, lettuce, hay, rye, wheat, cantaloupes, Bermuda seed, Sudan seed, and cotton.

5. Upon information and belief, Farm Credit, Rabobank AgFinance, and Rabobank N.A. (collectively "Secured Creditors") may claim liens on the Debtors' assets in the approximate amounts of $5,021,546, $2,100,00, and $3,962,000 respectively. The Debtors' proposed counsel has not had sufficient time to determine the validity, priority, enforceability, and/or extent of the claimed liens. In addition, a formal creditors committee is yet to be formed.

## C. Immediate Obligations of the Debtor.

6. The Debtors have certain lease agreements and chemical, fertilizer, and payroll expenses which require immediate payment ("Expenses"). If the Expenses are not paid timely the Farm will default on the lease agreement losing the leased land, the crop, and any proceeds

from the crop subject to the lease agreement. Further, if the Expenses are not paid the Farm will subject the land and crops to irreparable harm.

**D.      Proposed Post-Petition Financing.**

7.      Over the next two months, the projected monthly revenues generated by the Debtors cannot cover the Expenses.

8.      The Debtors have received an offer from Ms. Ricard to open a $200,000 line of credit for THE, to mature on July 15, 2010. Interest will accrue at a rate of 10% per annum. In exchange for the extension of credit Ms. Ricard shall be granted an administrative priority pursuant to 11 U.S.C. §§ 364 and 503(b)(1) and given a super-priority lien on all existing crops pursuant to 11 U.S.C. § 364(d)(1)(B).

9.      The Debtors also have received an offer from Mr. Braden to lend THE $150,000, which loan is to be repaid by July 15, 2010. Interest will accrue at a rate of 10% per annum. In exchange, for the loan Mr. Braden shall be granted an administrative priority pursuant to 11 U.S.C. §§ 364 and 503(b)(1).

## POINT ONE

## The Court Should Approve the Post-Petition Loan

## (11 U.S.C. § 364)

Pursuant to 11 U.S.C. § 364(b), "the court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense."

Further, pursuant to 11 U.S.C. § 364(d)(1), "the court after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien…"

In this case, the Debtors have found interested lenders willing to provide post-petition financing in the aggregate amount of $350,000 to the Debtors in exchange for priority as an administrative expense and, in the case of Ms. Ricard, for a super-priority lien on the Debtors'

existing crops. The Debtors, given their current credit status are unable to obtain unsecured lending, or even locate any interested parties willing to lend the Debtors monies sufficient to pay the Expenses on terms as favorable as the proposed post-petition financing.

Post-petition financing is necessary for the continued operation of the Debtors' estates and the estates' successful reorganization. Furthermore, the creditors of the bankruptcy estate will benefit from the Court's approval of the post-petition lending, because the Debtors will be able to meet the Expenses, allowing the continued benefit of the use of the land and its' crops.

Bankruptcy Rule 4001(c) governs the procedures for obtaining authorization for postpetition financing and provides:

> (c) Obtaining Credit
>
> (1) Motion; Service. A motion for authority to obtain credit shall be made in accordance with Rule 9014 and shall be served on…if the case is a . . . chapter 11 reorganization case and no committee of unsecured creditors has been appointed pursuant to § 1102, on the creditors included on the list filed pursuant to Rule 1007(d), and on such other entities as the court may direct. The motion shall be accompanied by a copy of the agreement.
>
> (2) Hearing. The court may commence a final hearing on a motion for authority to obtain credit no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 15 day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Debtor seeks entry of the Interim Order on an emergency basis and requests that the Court set a "final hearing" in accordance with Bankruptcy Rule 4001(c). Bankruptcy Rule 4001(c) authorizes the Court to enter the Interim Order authorizing the Debtors' to obtain post-petition financing.

WHEREFORE the Debtors request the Court approve its Motion to obtain post-petition credit.

Respectfully submitted,

COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.

By /s/ Daniel P. Collins                    009055
   Daniel P. Collins
   Alysse M. Medina
   Attorneys for Debtor-in-Possession,
   Texas Hill Enterprises, GP and Texas
   Hill Diamante Cooling, L.L.C.

Copy of the foregoing
mailed this 16th day
of April, 2010 to:

United States Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706

Rabobank, N.A.
c/o Michael Fox
Special Assets Management, 95
P.O. Box 6002
Arroyo Grande, California 93420

Rabobank AgFinance
c/o Ken Vandegraaff
4445 E. Holmes Ave., Suite 105
Mesa, Arizona 85206

Farm Credit Services Southwest
c/o Ron Kinner, VP/Branch Manager
2490 South 5th Avenue
Yuma, Arizona 85364

Edward Zachary, Esq.
Kyle Hirsch, Esq.
Bryan Cave, LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Attorneys for Rabobank, N.A.

/s/ Denise Downs

6